UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

SEAN CRAWFORD,                          :
           Plaintiff,       :
                                  :
        v.                               :          No. 2:24-cv-0798
                                  :
COUNTY OF CHESTER, PRIMECARE            :
MEDICAL, INC., DAVID KNEAL,             :
MARTIN ZARKOSKI, and KEVIN              :
GAFFNEY,                                :
           Defendants.      :

_____

**O P I N I O N**
**Motion for Preliminary Injunction or Temporary Restraining Order, ECF No. 28 – Denied**

**Joseph F. Leeson, Jr.**                                      **July 17, 2024**
**United States District Judge**

## I.     INTRODUCTION

      Plaintiff Sean Crawford, a pretrial detainee currently incarcerated at the Chester County

Prison ("CCP"), filed this civil rights action pursuant to 42 U.S.C. § 1983 challenging the

constitutionality of a policy or custom that governs the dental care available to CCP inmates,

which Crawford claims deprived him of necessary dental care.  Currently before the Court is

Plaintiff's Motion for a Preliminary Injunction or Temporary Restraining Order. For the

following reasons, the Court will deny the motion.

## II.    BACKGROUND

      On May 21, 2024, this Court addressed Defendants' Motion to Dismiss, granting and

denying it in part.  *See* MTD Op. & Order, ECF Nos. 32 & 33.  Crawford's deliberate

indifference claim based on the alleged "extraction only" dental policy at CCP survived the

Motion to Dismiss. *See* MTD Op. at 17.  A fuller account of the allegations set forth in the

Complaint can be found in the Court's prior opinion.  *See id.* at 1-4.  For purposes of the Motion at issue herein, which alleges that Crawford is suffering from multiple untreated dental issues and requests relief in the form of immediate preventative and corrective dental care, the Court will focus on the facts set forth in the present Motion and the Defendants' responses.  *See* Pl. Inj. Mot., ECF No. 28; County Def. Resp., ECF No. 30; PrimeCare Def. Resp., ECF No. 31. Of particular importance to the Motion at hand is the history of Crawford's dental care while incarcerated at CCP, which can be summarized by the following timeline:

1.      On or around January 21, 2020, Crawford's current incarceration period at CCP began. Pl. Inj. Mot. at 3.[1]

2.      On December 16, 2020, Dr. David Kneal conducted an annual dental examination on Crawford, noting, *inter alia*, eleven missing teeth, existing restorations, tooth decay on four teeth, and mild to moderate periodontal disease.  PrimeCare Resp. at Ex. A, ("Dental Records"), ECF No. 31-1, at PCM00376-00380 & PCM00639. Crawford did not report any pain during this examination, and Dr. Kneal noted that no treatment or medications were recommended at that time. *Id*. at PCM00639.

3.      On March 24, 2021, Crawford was evaluated again by Dr. Kneal after complaining of a broken tooth.  *Id*.  Dr. Kneal noted, *inter alia*, a distal fracture, caries, and pulpitis with tooth number 19, prescribed Crawford with amoxicillin, and informed Crawford that additional medication may be needed and extraction was available upon request. *Id*.  Crawford stated he wanted to wait until post-

---

[1]      The Court adopts the pagination assigned by the Electronic Filing System.

release before further treatment, and Dr. Kneal informed him that he may want to entertain these options prior to that date. *See id*.

4.      On April 21, 2021, Crawford was evaluated by Dr. Kneal again after submitting a sick call slip four days prior complaining of pain and swelling in a back tooth. *See id*. at PCM00689, PCM00644. Dr. Kneal noted some tooth decay and buccal swelling, determined Crawford had caries and pulpitis in tooth number 5, began Crawford on medications, and counseled him about medication compliance. *Id.* at PCM00644.

5.      On August 18, 2021, Crawford was evaluated by Dr. Kneal again after submitting a sick call slip two days prior complaining of jaw and tooth pain and face swelling. *See id*. at PCM00690, PCM00643-44. Dr. Kneal observed large tooth decay and moderate swelling with tooth number five, as well as two draining fistulas, assessed tooth number five with caries and pulpitis, and determined the tooth likely could not be restored.  *Id*. at PCM00644.  Crawford told Dr. Kneal that his current medications were starting to help, and Dr. Kneal continued him on the current medications, and counseled him that additional medications may be needed in the future.  *See id*. at PCM00643-44.

6.      On September 22, 2021, Dr. Kneal examined Crawford after receiving two sick call slips dated September 17 and 18, 2021 complaining about pain and repeatedly requesting tooth number five to be extracted.  *See id*. at PCM00691-92, PCM00643.  Dr. Kneal noted tooth number five had a fracture, caries with a chronic fistula, and pulpitis, observed that the tooth was possibly non-restorable,

prescribed medications, and tasked for the tooth to be extracted. *See id*. at PCM00643.

7.      On September 30, 2021, Crawford had tooth number five extracted. *See id*. at PCM00643.

8.      On January 5, 2022, Crawford had an annual dental exam with Dr. Kneal where Dr. Kneal observed missing teeth, existing restorations, caries, and mild to moderate periodontal disease. *Id*. Crawford was not in pain at that time, but he complained of issues with tooth number 15, and Dr. Kneal offered him clindamycin, an antibiotic. *See id*. Crawford wanted to wait to take the antibiotic, and Dr. Kneal informed him that he would prescribe the clindamycin when it became necessary. *Id*.

9.      On October 26, 2022, Dr. Kneal evaluated Crawford after he submitted a sick call slip on October 20, 2022 complaining of pain, swelling, and a possible infection. *See id*. at PCM00699, PCM00642.  Dr. Kneal noted that tooth number 19 was not capable of being restored due to large tooth decay, and that tooth number 20 was possibly non-restorable as well. Dr. Kneal prescribed medications, and Crawford did not want tooth extractions at that time. *See id*. at PCM00642.

10.     On December 27, 2022, Crawford was seen by nursing staff after he submitted a sick call slip on December 23, 2022 complaining of pain and difficulty eating. *See id*. at PCM00530-31, PCM00702. Crawford was examined and given saline rinses. *See id*. at PCM00531.

11.     On March 30, 2023, Crawford refused to attend his annual dental exam and cleaning. *Id*. at PCM00642.

12.     On April 27, 2023, Crawford was seen by Dr. Zarkoski after complaining of tooth

pain and asking for medication in a sick call slip on April 26, 2023.  *Id*. at

PCM00703, PCM00642.  Dr. Zarkoski prescribed Crawford an antibiotic after

Crawford complained of tooth pain in teeth numbers 19 and 20, and after

observing that these teeth were fractured and decayed.  *See id*. at PCM00642.

Crawford refused treatment or extractions at that time. *Id*.

13.     On October 24, 2023, Crawford submitted a sick call slip complaining of mouth

pain, exposed roots, and difficulty eating and requesting dentures due to missing

top teeth.  *See id*. at PCM00707.

14.     Crawford was not seen again until December 27, 2023, when Dr. Kalteski

examined Crawford, who again complained of tooth pain, difficult eating, and

exposed roots.  *See id*. at PCM00641-42.  Dr. Kalteski determined that teeth

numbers 14, 19, and 20 were severely decayed and not capable of restoration.  *Id*.

at PCM00641. Dr. Kalteski also removed trapped food from tooth number 14,

installed a composite filling, prescribed amoxicillin, and noted that Crawford was

already prescribed Motrin for pain. *Id*. at PCM00642. Crawford wanted the

antibiotic but did not want any teeth extracted at that time.  *Id*. at PCM00641-42.

15.     On March 23, 2024, Crawford was seen by nursing staff after submitting a sick

call slip on March 18, 2024 complaining of mouth pain, broken teeth, difficulty

chewing, and requesting a filling.  *See id*. at PCM00711, PCM00532. Crawford

was given ibuprofen and told to report worsening or continued symptoms.  *See id*.

at PCM00532-33.

16.     On April 8, 2024, Crawford was seen by Dr. Kneal for his annual dental exam. *Id*. at PCM00641.  Crawford complained that tooth number 5 was only partially extracted.  *See id*.  Dr. Kneal informed him that the entire tooth had been extracted in 2021, and the protuberance complained about by Crawford was bone. *See id*.  Dr. Kneal counseled Crawford that if the area continued to bother him, an x-ray or additional medication could be ordered in the future. *See id*.  Dr. Kneal also noted Crawford's poor dental hygiene and difficulty communicating with Crawford but did not indicate that any additional treatment was needed at that time.  *Id*. at PCM00641.

On May 6, 2024,[2] Crawford filed a "Motion to Show the Cause for a Preliminary Injunction and Temporary Restraining Order" which complains about the lack of dental care he has received at CCP and requests immediate injunctive relief.  *See* Prelim. Inj. Mot., ECF No. 28.  On May 7, 2024, Defendant County of Chester ("County Def.") filed a response in opposition.  *See* County Def. Resp., ECF No. 30.  On May 20, 2024, Defendants David Kneal, PrimeCare Medical, Inc., and Martin Zarkoski ("PrimeCare Def.") likewise filed a response in opposition.  *See* PrimeCare Def. Resp., ECF No. 31.  The Motion is now ready to be decided.

## III.   LEGAL STANDARDS

### Motion for Preliminary Injunction and Temporary Restraining Order ("TRO") – Review of Applicable Law

"Rule 65 governs the issuance of a preliminary injunction."  *Checker Cab Phila., Inc. v. Uber Techs., Inc.*, 2015 U.S. Dist. LEXIS 26471, at *5 (E.D. Pa. Mar. 3, 2015).  *See also Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining

---

[2]     Although docketed on May 6, 2024, the Motion is dated April 9, 2024.  *See* Pl. Inj. Mot. at 1.

order are the same as those for a preliminary injunction.").  A "preliminary injunction is an

extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear

showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)

(internal quotations omitted). "[A] prisoner's request for injunctive relief, in particular, 'must be

viewed with great caution because of the intractable problems of prison administration.'" *Roman*

*v. Cnty. of Chester*, No. 23-1662, 2023 U.S. Dist. LEXIS 148586, *2 (E.D. Pa. Aug. 23, 2023)

(quoting *Milhouse v. Fasciana*, 721 F. App'x 109, 111 (3d Cir. 2018)) (internal quotation

omitted).

A plaintiff requesting a preliminary injunction must establish that (1) "he is likely to

succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary

relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public

interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008); *Fulton v. City of Philadelphia*, 922 F.3d

140, 152 (3d Cir. 2019). "The first two factors are prerequisites for a movant to prevail." *Holland*

*v. Rosen*, 895 F.3d 272, 286 (3d Cir. 2018).  *See Arthur Treacher's Franchise Litig.*, 689 F.2d

1137, 1143 (3d Cir. 1982) ("[F]ailure to show a likelihood of success or failure to demonstrate

irreparable injury must necessarily result in the denial of a preliminary injunction."). "If these

gateway factors are met, a court then considers the remaining two factors and determines in its

sound discretion if all four factors, taken together, balance in favor of granting the requested

preliminary relief."  *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017).

## IV.   DISCUSSION

In his Motion for Preliminary Injunctive Relief, Crawford is alleging, *inter alia*, that he is

in "great pain and discomfort" due to the presence of cavities and general lack of dental care at

CCP and that he is being "forced to wait for treatment until released" for non-medical reasons.

Pl. Inj. Mot. at 5-6.  He seeks relief in the form of "preventative and corrective care" including "cavity repairs, cleanings[,] and other measures needed to maintain dental health[.]"  *Id.* However, Crawford cannot demonstrate that he is likely to suffer irreparable harm without immediate relief, and therefore his request for a preliminary injunction or TRO is denied.

To make a clear showing of irreparable harm, a plaintiff must allege harm that is "actual and imminent, not merely speculative." *Moneyham v. Ebbert*, 723 F. App'x 89, 92 (3d Cir. 2018).  "A showing of irreparable harm is insufficient if the harm will occur only in the indefinite future.  Rather, the moving party must make a clear showing of *immediate* irreparable harm." *Id.* (internal marks omitted) (citing *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992)) (emphasis added). "Furthermore, it is well settled that '[t]he purpose of a preliminary injunction is to preserve the status quo, not to decide the issues on the merits.'" *Williams v. Wetzel*, 2024 U.S. Dist. LEXIS 66482, *8-9 (W.D. Pa. April 11, 2024) (quoting *Anderson v. Davila*, 125 F.3d 148, 156 (3d Cir. 1997)).

> Therefore, in a case such as this, where . . . Plaintiff's request for immediate relief in his motion for preliminary injunction necessarily seeks resolution of one of the ultimate issues presented in the Complaint, the Plaintiff cannot demonstrate that he will suffer irreparable harm if he is not granted a preliminary injunction, because the ultimate issue presented will be decided either by this Court or at trial.

*Id.* (internal marks and citation omitted).

Crawford cannot establish irreparable harm for two reasons.  First, to the extent that Crawford complains about past mistreatment or delay in dental care, this past harm is not a basis for preliminary injunctive relief.  *See also Miller v. Little*, No. 21-1941, 2022 U.S. Dist. LEXIS 102900, at *3 (M.D. Pa. June 8, 2022) ("A preliminary injunction cannot be issued based on past harm. The purpose of a preliminary injunction is to prevent *future* irreparable harm." (internal marks and citation omitted)).  The appropriate avenue to seek relief for any past harm is through

a request for monetary relief, which is already included in Crawford's Complaint and will be addressed when this case is decided on the merits.

Second, to the extent that Crawford complains about continued lack of dental treatment or possible future mistreatment, Crawford "has failed to show that he is likely to suffer *immediate, irreparable injury* in connection with the denial of dental care." *See Roman v. Cnty. of Chester*, 2023 U.S. Dist. LEXIS 99451, at *8 n.4 (E.D. Pa. June 7, 2023) (emphasis added). To be irreparable, the "feared injury or harm" must be "of a peculiar nature, so that" monetary compensation alone is not enough, and the harm cannot merely be "serious or substantial[.]" *See ASI Bus. Sols., Inc. v. Otsuka Am. Pharm., Inc.*, 233 F. Supp. 3d 432, 437 (E.D. Pa. Feb. 10, 2017) (internal marks and citation omitted).  Instead, to make a clear showing of immediate, irreparable harm, Crawford "must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial[,]" *see Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994) (internal marks and citation omitted), and this showing is not sufficient if the "harm will occur only in the indefinite future[.]"  *See Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992).  Here, although Crawford claims that he has been denied proper dental care, such as cavity repairs, and that this lack of treatment is causing irreparable harm, his dental records as summarized in the facts above show that he has been evaluated by a dentist on several occasions, usually within a few days of submitting a sick call slip[3] or as part of an annual

---

[3]     The Court notes one apparent instance where Crawford submitted a sick call clip in October of 2023 complaining of tooth pain where his concerns were not addressed until nearly two months later, in December of 2023.  *See* Dental Records at PCM00707, PCM00641-42. However, this is an issue of past harm that pertains to Crawford's allegations of deliberate indifference, which will be decided on the merits as the case moves forward, and therefore is not an appropriate issue for preliminary injunctive relief.

dental exam, and Crawford has been repeatedly prescribed antibiotics and pain medications,[4]
among other forms of treatment.  Although he requests relief in the form of preventative and
corrective dental care, Crawford had a dentist appointment as recently as April 8, 2024, just one
day before he apparently drafted this motion.  *See* Mot. at 9.  At that appointment, Dr. Kneal
performed an annual dental examination, noting that no treatment was needed at that time, but an
x-ray or additional medication may be ordered in the future.  *See* Dental Records at PCM00641.
Further, Crawford's allegations that failure to immediately provide him the requested dental
treatment will result in "unneeded medical transports" or the risk of "outside treatment at a
dentist or hospital[,] *see* Pl. Inj. Mot at 6-7 (cleaned up), are purely speculative and, at most,
demonstrate only that harm may occur in the indefinite future.[5]  Therefore, for the reasons
already discussed and because the issues presented by Crawford in his Motion ultimately seek
resolution of the deliberate indifference claims raised by his Complaint, the Court denies his
request for preliminary injunctive relief.  The issues raised by Crawford in his Motion will be
decided on their merits at a later date, either by this Court during the dispositive motion stage or
by the factfinder at trial.

---

[4]      Despite being prescribed medications, including various antibiotics and pain medication,
Defendants point out that Crawford's medication compliance has been sporadic at best.  *See*
Dental Records at PCM00505 (failing to take entire amoxicillin dose as prescribed in December
2023), PCM00506 (failing to take entire amoxicillin dose as prescribed in January 2024);
PCM00507 (failing to take entire dosage of antibiotic in March 2024), PCM00508 (failing to
take entire dosage for antibiotic and pain medication in April 2024).

[5]      Although not specifically mentioned by Crawford in this Motion, Defendants also point
out that, although Crawford alleges in the Complaint that he has been unable to eat due to mouth
pain, his weight has remained more or less constant during his incarceration at CCP.  *See id*. at
PCM00893 (showing minor weight fluctuations from April 2022 to March 2024).

V.       **CONCLUSION**

For the reasons discussed above, Crawford has failed to demonstrate that he is likely to suffer irreparable harm without immediate relief, and therefore his request for a preliminary injunction or TRO is denied.

A separate Order follows.


BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge